IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3022 |
| | § | |
| VITUS MARINE, LLC, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the "Motion to Determine Venue" [Doc. # 5] filed by Plaintiffs Zurich American Insurance Company, National Union Fire Insurance Company of Pittsburgh, National Casualty Company, Great American Insurance Company of New York, and Starr Indemnity & Liability Company (collectively, "Underwriters"). Defendants Vitus Marine, LLC, Microgen Technologies, Inc., and Sneed Shipbuilding, Inc. filed a Response [Doc. # 13] that included a Cross-Motion to Dismiss or Transfer. Plaintiffs filed an Opposition [Doc. # 16] to the Cross-Motion, and Defendants filed a Reply [Doc. # 17].

The Court has considered the parties' briefing, the applicable legal authorities, and all matters of record. The Court **grants** the Motion to Determine Venue to the extent that the Court **grants** the Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

## I.    BACKGROUND

This declaratory judgment action was filed after Defendants made claims under an insurance policy, Subscription Policy No. FIS-10-042 ("Policy"). The Policy was issued by FIS Marine/Arthur J. Gallagher Risk Management Services, Inc. ("FIS Marine"), and Plaintiffs are the subscribing underwriters. The insurance claims are the result of repairs that were made to two barges built at Sneed Shipbuilding, Inc. ("Sneed") after it was discovered that the barges contained defective welds. Underwriters denied coverage, asserting that the Policy does not provide coverage for defective or faulty workmanship. Defendants assert that they specifically negotiated for the deletion from the Policy of "Addendum 2," the standard policy provision excluding coverage for damage to a vessel arising out of a builder's faulty construction and production procedures.

Plaintiffs filed this declaratory judgment lawsuit in this Court on August 18, 2011, at 10:40 a.m. Central Daylight Time. Defendants' assignee filed a related lawsuit in the United States District Court for the Western District of Washington that same day at 4:04 p.m. Pacific Daylight Time. Plaintiffs argue that its lawsuit was filed first and, therefore, the case should remain here. Defendants seek transfer of this case to the federal court in Washington pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and in the interest of justice. The issue has been fully briefed and is now ripe for decision.

## II.    MOTION TO TRANSFER VENUE

Defendants move to transfer this case to the Western District of Washington pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 n.1 (5th Cir. 2008) (*en banc*), *cert. denied*, 129 S. Ct. 1336 (2009) ("*Volkswagen II*"); *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 709 (S.D. Tex. 2011) (Jack, J.).

### A.    District Where Case Could Have Been Brought

To determine whether transfer is appropriate under § 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  A substantial part of the events giving rise to this lawsuit, specifically the negotiation and signing of the Policy, occurred in Seattle, Washington.  As a result, this lawsuit could have been filed in the Western District of Washington pursuant to 28 U.S.C. § 1391(a)(2).

### B.    Standard for § 1404(a) Transfer

The moving party must also show good cause for a transfer of venue. *Volkswagen II*, 545 F.3d at 315. To show good cause, a moving party must "clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Id.* If "the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* Courts analyze pertinent private and public factors to determine whether transfer would be more convenient for the parties and witnesses and in the interests of justice. *See In re Horseshoe Enter.*, 337 F.3d 429, 433-35 (5th Cir. 2003). These public and private factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)).

While "a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer." *See Volkswagen II*, 545 F.3d at 315. Where the plaintiff is not a resident of the chosen forum, or when the facts underlying the claims did not occur in the chosen forum, the plaintiff's choice is entitled to less deference. *See Horseshoe*, 337 F.3d at 434-35; *Rimkus Consulting Group, Inc. v. Balentine*, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010) (Ellison, J.). In this case, it is

undisputed that none of the Plaintiffs is a citizen of Texas.  As a result, Plaintiffs'

choice to file this lawsuit here does not weigh heavily in the § 1404(a) analysis.

### C.   Private Interest Factors

The Court must consider private interest factors.  "The private interest factors

are:  (1) the relative ease of access to sources of proof; (2) the availability of

compulsory process to secure the attendance of witnesses; (3) the cost of attendance

for willing witnesses; and (4) all other practical problems that make trial of a case

easy, expeditious, and inexpensive."  *Volkswagen II*, 545 F.3d at 315 (citing

*Volkswagen I*, 371 F.3d at 203).  The relative convenience to the witnesses is often

recognized as the most important factor under § 1404(a).  *Spiegelberg v. Collegiate*

*Licensing Co.*, 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005).   In considering the

convenience of witnesses, the relative convenience to key witnesses and key non-party

witnesses is accorded greater weight in the venue transfer analysis.  *See id.* at 790–91

(non-party witnesses); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844

F. Supp. 1163, 1166 (S.D. Tex. 1994) (key non-party witnesses); *Continental Airlines,*

*Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) (key witnesses).

The private interest factors weigh heavily in favor of transfer.  Although

Defendant Sneed is a Texas corporation, the dispute in this declaratory judgment

action involves insurance coverage, not the underlying defects to the barges.  The

insurance policy, specifically the alleged deletion of Addendum 2, was negotiated and signed in Washington, where most, if not all, key witnesses reside.  The only witness in Texas is the Sneed representative who participated in the policy negotiations in Seattle, Washington, and who has agreed to travel to Washington as required.  The attendance of all key witnesses could be obtained with significantly less difficulty and undue expense for any hearing or trial in Washington.  It is undisputed that the vast majority of any necessary depositions would need to be conducted in Washington.

Plaintiffs argue that there will be no need for witnesses because this is an insurance coverage dispute.  Under Washington law, however, contract interpretation is based on "the contract as a whole" and includes consideration of "all circumstances surrounding its formation" and "statements made by the parties in preliminary negotiations."  *See Carpenter v. Remtech, Inc.*, 226 P.3d 159, 161-62 (Wash. App. 2010); *see also Spratt v. Crusader Ins. Co.*, 37 P.3d 1269, 1272 (Wash. App. 2002) (holding that in cases involving actual negotiations between the insurer and the insured, "extrinsic evidence is admissible to show the parties' mutual intentions").

The private interest factors weigh in favor of transfer to the district where the majority of key witnesses are located, and where it will be significantly less expensive and difficult for witnesses outside the Western District of Washington, most of whom are located in Alaska and California, to attend court proceedings.

### D.    Public Interest Factors

The Court must also consider public interest factors, including (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203).

The public interest factors weigh heavily in favor of transfer. The Southern District of Texas is an exceedingly busy court. This is not a local Houston dispute because the insurance policy at issue was negotiated and issued in Seattle, Washington, not in Texas.

The Washington court has much more familiarity with the application of Washington law, particularly in connection with the Washington statutory claims that are pending in the Washington lawsuit. Plaintiffs' argument that Texas law will apply, and their reliance on Article 21.42 of the Texas Insurance Code, is flawed. That section provides that a contract of insurance payable to a citizen of Texas and issued by an insurance company in the course of its doing business in Texas is deemed a "contract made and entered into under and by virtue of the laws of" Texas. *See* TEX. INS. CODE art. 21.42; *Reddy Ice Corp. v. Travelers Lloyds Ins. Co.*, 145 S.W.3d 337,

341 (Tex. App. – Houston [14th Dist.] 2004, no pet.).   The provision is to be construed narrowly to avoid giving it "extraterritorial effect." *Reddy Ice*, 145 S.W.3d at 341 (citing *Aetna Life Ins. Co. v. Dunken,* 266 U.S. 389, 399 (1924); *Austin Bldg. Co. v. Nat'l Union Fire Ins. Co.,* 432 S.W.2d 697, 701 (Tex. 1968)).   In this case, the record establishes that because the claimed loss is less than the purchase price of the barges, the insurance proceeds are payable to Microgen Technologies, Inc., a corporation that is not a citizen of Texas.   As a result, the first requirement for the application of Article 21.42 is not satisfied.

Plaintiffs argue also that Texas law applies pursuant to Restatement (Second) Conflict of Laws § 193, which provides that the validity of an insurance contract, and the rights created thereby, should be determined by the law of the state where the insured risk is located.  The section goes on, however, to provide that its choice of law provision based on the location of the insured risk applies "unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties, in which event the local law of the other state will be applied."   In this case, the dispute involves the circumstances surrounding the negotiation of the insurance policy, which occurred in Seattle, Washington. Moreover, under Texas law, there is a presumption that the parties intended their insurance contract to be evaluated under the law of the state "where the contract was

made." *Austin Bldg. Co. v. Nat'l Union Fire Ins. Co.*, 432 S.W.2d 697, 701 (Tex. 1968).  Consequently, it appears that Washington law will apply in this case, and the Washington federal court is more familiar with the application of Washington law.

The public interest favors resolving this dispute in the district where the policy was negotiated and signed.

## III.    <u>CONCLUSION AND ORDER</u>

The Court agrees that this lawsuit was filed before the Washington lawsuit and, therefore, this Court should decide where the cases should proceed.  Defendants have demonstrated that the interests of the parties and witnesses strongly favor transfer of the case to the Western District of Washington.  The Court notes that this ruling is based exclusively on § 1404(a) principles.  The Court does not find that Plaintiffs engaged in improper forum shopping or acted in bad faith by filing this lawsuit.  The Court is not abstaining from deciding the insurance coverage issues but is, instead, transferring the case to a federal court that best accommodates the convenience of the parties and witnesses, as well as the interests of justice.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiffs' Motion to Determine Venue [Doc. # 5] is **GRANTED** to the extent that this Court will decide the venue issue.  It is further

**ORDERED** that Defendants' Motion to Transfer  [Doc. # 13] is **GRANTED**.

By separate order, the Court will transfer this case to the United States District Court

for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

SIGNED at Houston, Texas, this 19th day of **October, 2011.**

Nancy F. Atlas
United States District Judge